UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

LIXIONG CHEN,
     a/k/a John Chen,

HANG CHEN,
     a/k/a Henry Chen,

     Defendants.

Case No. 18-cr-00450-JD

**ORDER RE HANG CHEN'S MOTION TO CONTINUE TRIAL AND LIXIONG CHEN'S TRIAL DATE**

Defendants Lixiong Chen and Hang Chen are charged with multiple counts of conspiracy, smuggling, and trafficking in counterfeit items in connection with the importation and sale of consumer electronic goods in the United States. Hang Chen has asked to continue his June 24, 2019, trial date. Dkt. No. 195. Lixiong Chen has chosen to stand on the same trial date. Dkt. No. 199. Hang Chen's request is granted and Lixiong Chen's jury trial will start as scheduled on June 24, 2019.

The pretrial proceedings in this case have been unusually complicated. For most of the proceedings, Lixiong Chen was the only defendant. He was indicted on September 20, 2018. Dkt. No. 1. In early March 2019, the Court held a status conference with the parties and set a trial date of April 8, 2019. Dkt. No. 18. After the conference, the parties filed a flurry of motions and other papers. In several filings and court appearances, Lixiong Chen pressed the argument that the government was whipsawing him by delaying the production of key evidence against him and then delivering massive productions of overwhelming volume. *See, e.g.,* Dkt. No. 71 at 2-3. Lixiong Chen contended that the government's conduct prejudiced the fairness of his trial by leaving him too little time to prepare, and unfairly forced him to choose between his right to a speedy trial and digesting the mass of evidence alleged against him. *Id.* at 3. He sought to dismiss the entire indictment on these grounds. Dkt. No. 80. On its part, the government filed a motion to

continue the trial to "protect the Sixth Amendment right" of Lixiong Chen to a fair trial. Dkt. No. 98.

After considerable discussion with the parties, the Court determined that throwing out the case against Lixiong Chen was not warranted. The parties agreed that 56 days remained under the Speedy Trial Act as of April 3, 2019, which would allow Lixiong Chen to make substantial progress in managing and understanding the evidence produced by the government. Dkt. Nos. 117, 127. The Court found no indication of misconduct by the government. Dkt. No. 127 at 8-9. Consequently, the Court set a new trial date of May 22, 2019, subject to a joint report by the parties on whether more time might be needed to ensure a fair and just trial. Dkt. No. 117. The government's motion to continue was taken under submission pending review of the joint status report. *Id*.

While these events were unfolding, the government filed a superseding indictment on April 25, 2019. Dkt. No. 143. The superseding indictment added additional allegations against Lixiong Chen, most significantly the conspiracy charge, and named Hang Chen as a defendant for the first time in this case. Hang Chen was indicted just approximately 30 days before the May 22, 2019, trial date.

The Court held another conference on May 1, 2019, at which all the parties, including Hang Chen, agreed to continue the trial to June 24, 2019. Dkt. No. 151. Lixiong Chen voluntarily terminated several of his pretrial motions at the conference, *id*., and subsequently terminated his request to dismiss the indictment. Dkt. Nos. 155, 157. The government dropped its motion to continue trial. *Id*. The Court set a final pretrial conference for June 13, 2019. Dkt. No. 151.

On the night before the conference, developments took another turn when Hang Chen filed a motion to continue the trial. Dkt. No. 195. His main point was that he had underestimated the volume of the evidence and simply had not had enough time since being indicted in late April 2019 to be prepared for trial in June. He asked for a 90-day continuance. *Id*.

The Court took up these issues with the parties at the June 13, 2019, conference. Lixiong Chen was initially neutral on the possibility of moving the trial date. The government said it was not opposed to the continuance request. The Court proposed to set the trial for a date in August

2

2019, but the government and Hang Chen had reservations about that. This created a problem because the Court's schedule could not readily accommodate a trial in September or October 2019. The Court directed Hang Chen to file a statement indicating whether he would stand on an August trial date on Speedy Trial Act grounds, or agree to a trial in late 2019 or early 2020. Dkt. No. 197.

For Lixiong Chen, the Court proposed keeping the June 24, 2019, trial in place, and discussed with the parties how that might affect third-party witnesses and other logistical issues. The Court expressed the view that the paramount factors in deciding whether to hold separate trials were Lixiong Chen's right to a speedy trial, and the need for both sides to have a fair and just opportunity to present their cases. To that end, the Court invited Lixiong Chen to advise whether he preferred to proceed to trial on June 24 or continue it to a later date. Dkt. No. 197.

On June 14, 2019, Hang Chen filed a statement saying he was agreeable to setting a trial date in late 2019 or early 2020, and would ask to exclude time under the Speedy Trial Act. Dkt. No. 198. The Court directs Hang Chen and the government to file by **June 21, 2019**, a stipulation and proposed order selecting a trial date after December 16, 2019, and a basis on which to exclude time. The June 24, 2019, trial date is **VACATED** for Hang Chen.

In response to the Court's invitation, Lixiong Chen has elected to keep the June 24, 2019, trial date. Dkt. No. 199. The Court sees no reason why that should not be honored. The conference discussion and subsequent filings, *see* Dkt. No. 199, have convinced the Court that the burden on third-party witnesses, and the parties generally, would be minimal. Overall, although some efficiencies would be realized by trying the defendants together, the Court finds that keeping the trial in place for Lixiong Chen will best serve his frequent requests for a prompt trial, as well as the ends of justice. A final pretrial conference is set for **June 19, 2019, at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated: June 17, 2019

_____
JAMES DONATO
United States District Judge