United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIXIONG CHEN,<br>    a/k/a John Chen,<br><br>HANG CHEN,<br>    a/k/a Henry Chen,<br><br>    Defendants. | Case No. 18-cr-00450-JD<br><br>**ORDER RE OVERT ACTS**<br>Re: Dkt. No. 169 |

This order resolves defendant Lixiong Chen's motion to strike overt acts from the superseding indictment, and to exclude evidence relating to those acts. Dkt. No. 169. The Court heard argument on the motion, Dkt. No. 197, and indicated that it would likely exclude the evidence. This order confirms the exclusion and explains why.

## BACKGROUND

On September 20, 2018, Lixiong Chen was indicted for smuggling goods into the United States, in violation of 18 U.S.C. § 545 and trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1). Dkt. No. 1. The alleged counterfeit items are consumer electronic and computer products. Count One of the indictment stated that Lixiong Chen first smuggled the counterfeit goods into the United States on October 17, 2013, through his businesses, CBK Auto and CBK Holdings, Inc. *Id.* ¶ 5.

In an early motion in limine, the government indicated that it intended to proffer evidence under Federal Rule of Evidence 404(b) of "other acts" of smuggling to establish knowledge, intent, and lack of mistake. Dkt. No. 26. This evidence involved three shipments seized by the

1  United States Customs and Border Patrol ("CBP") in 2012, well over a year before the earliest

2  charged offense. *Id.* The Court denied the government's motion and excluded the evidence under

3  Federal Rules of Evidence 402 and 403. *See* Dkt. No. 104.

After that, the government filed a superseding indictment naming Hang Chen as a defendant for the first time, and adding a conspiracy charge and new counts of smuggling and trafficking against defendants. Dkt. No. 143. Most germanely here, the superseding indictment included the three 2012 seizures by the CBP in a list of 34 overt acts in furtherance of the conspiracy. *Id.* ¶ 12(a)-(c).

Lixiong Chen moves to strike the 2012 seizures from the superseding indictment, and exclude evidence about those events. Dkt. No. 169. Hang Chen has joined the motion. Dkt. No. 178. Their main argument is that the goods seized in 2012 have long been destroyed under CBP's usual practices, and that they consequently have no meaningful way of cross-examining witnesses about the alleged counterfeit status of those goods, or otherwise challenging the seizures as evidence of overt acts. *See* Dkt. No. 169 at 8-9. The government agrees that CBP destroyed the goods seized in 2012 and that they are not available for inspection by defendants. Dkt. No. 187 at 3. The Court need not reach the issue of striking the challenged portions of the superseding indictment because no evidence about the 2012 seizures will be allowed at trial.

## DISCUSSION

The key proposition here is that a criminal defendant must have a fair opportunity to present a defense and challenge the evidence against him. *California v. Trombetta*, 467 U.S. 479, 485 (1984). That is all the more true in this case, where the evidence of counterfeiting consists primarily of the goods themselves and testimony about their authenticity *vel non*, topics on which lay or expert witnesses might disagree. In this circumstance, the accused has a particularly sharp right to inspect the evidence. *See Barnard v. Henderson*, 514 F.2d 744, 746 (5th Cir. 1975) ("Fundamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion."). There is also no question that the government's overall case depends on proving beyond a

reasonable doubt that the smuggled or trafficked products were, in fact, counterfeit. *See generally* 18 U.S.C. § 2320(a); *Wang v. Rodriguez*, 830 F.3d 958, 961 (9th Cir. 2016).

The government doesn't seriously dispute these propositions, but suggests that the 2012 events should be allowed in at trial anyway. Despite the absence of the actual goods, which are long gone, it contends that it should be allowed to proffer notice letters and related materials from the CBP advising Lixiong Chen, CBK Holdings and CBK Auto in 2012 about the seizures. The problem with this theory is that these materials themselves in no way prove that the 2012 shipments were actually counterfeit or that defendants had engaged in a criminal act. *See United States v. Chong Lam*, 677 F.3d 190, 193 n.3 (4th Cir. 2012) ("CBP's initial conclusion that the trademarks at issue here were counterfeit is not determinative with regard to Appellants' liability under 18 U.S.C. § 2320(a) or any other federal criminal statute implicated in this case."). Defendants also have no effective way of challenging the contents of the letters. Consequently, allowing the letters into evidence would deny defendants due process and a fair trial. *See United States v. Cooper*, 983 F.2d 928, 932 (9th Cir. 1993) (due process violation to admit evidence about drug lab equipment that had been destroyed and left defendant with "no comparable, alternative means of defending themselves against testimony by government witnesses about the lab").

The government has not shown that its case will be prejudiced by excluding the 2012 events. The superseding indictment alleges 31 other overt acts. Dkt. No. 143, ¶ 12(d)-(hh). That is more than enough for the government to work with to carry its burden of proof at trial.

## CONCLUSION

The 2012 seizure evidence is excluded from the trial.

**IT IS SO ORDERED.**

Dated: June 17, 2019

JAMES DONATO
United States District Judge

3